1  **PHILLIPS DAYES LAW GROUP PC**
   ATTORNEYS AT LAW
2  Suite 1500
   3101 North Central Avenue
3  Phoenix, Arizona 85012
   (602) 258-8900
4  minute_entries@phillipslaw.com

5  JOHN L. COLLINS
   Arizona Bar No. 030351
6  johnc@phillipsdayeslaw.com
   TREY DAYES
7  Arizona Bar No. 020805
   treyd@phillipslaw.com
8  DAWN SAUER
   Arizona Bar No. 030271
9  dawns@phillipsdayeslaw.com

10 Attorneys for Plaintiff

11                **UNITED STATES DISTRICT COURT**

12                    **DISTRICT OF ARIZONA**

13

14 | Antonio Zavala;                          | Case No.: _____ |
   |                                          |                                  |
15 |              Plaintiff,                  |                                  |
   |                                          | **COMPLAINT**                    |
16 |     vs.                                  |                                  |
   |                                          |                                  |
17 | Vasile Herlo and Ana Herlo, husband and  | **JURY DEMAND**                  |
   | wife; and Tampico Apartments Inc., an    |                                  |
18 | Arizona corporation;                     |                                  |
   |                                          |                                  |
19 |              Defendants.                 |                                  |

20

21     Plaintiff Antonio Zavala, by and through John L. Collins, Trey Dayes, and Dawn

22 M. Sauer, of and for the PHILLIPS DAYES LAW GROUP PC, for his Complaint against

23 Defendants Vasile Herlo, Ana Herlo, and Tampico Apartments Inc. avers as follows:

24 //

25

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. For at least one year prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and one-half for hours worked over forty (40) hours per week.

5. For at least one year prior to the filing of this action, Plaintiff worked at least fifteen hours in excess of forty (40) hours per week and was not paid time and one-half.

//

6. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

7. In addition, Defendants improperly deducted amounts from the wages that they actually paid to Plaintiff, contrary to the terms of their employment of Plaintiff.

8. As such, Plaintiff seeks to recover the unpaid wages resulting from these improper and unauthorized deductions and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to A.R.S. §§ 23-355 and 12-341.01.

9. Finally, because Plaintiff provided labor, services, and materials for the benefit of Defendants' real property, consisting of a lot or lots in an incorporated city or town, at the instance of Defendants, the owners of the lot or lots or parcels of land, Plaintiff has asserted a mechanics' lien pursuant to A.R.S. § 33-983

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter and the parties hereto pursuant to A.R.S. §§ 12-123 and 12-401.

11. Venue is proper under A.R.S. § 12-401 because the conduct complained of herein occurred in Maricopa County, Arizona.

## PARTIES

12. At all times material hereto, Plaintiff Antonio Zavala was and continues to be a resident of Maricopa County, Arizona.

//

13. On information and belief, at all times material hereto, Defendant Vasile Herlo was and continues to be a resident of Maricopa County and is subject to the jurisdiction of this Court.

14. On information and belief, at all times material hereto, Defendant Ana Herlo was and continues to be a resident of Maricopa County and is subject to the jurisdiction of this Court.

15. On information and belief, Defendants Vasile Herlo and Ana Herlo are husband and wife, and all conduct complained of herein was engaged in by these Defendants for the benefit of the marital estate, which is liable to Plaintiff for his damages.

16. On information and belief, at all times material hereto, Defendant Tampico Apartments Inc. was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

17. On information and belief, Defendant Vasile Herlo makes all decisions on the daily activities of its employees and makes all decisions regarding pay policies.

18. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

19. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

20. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

//

21. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

22. All Defendants are co-equally liable for all matters.

23. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

24. On information and belief, at all relevant times, the annual gross revenue of Defendant exceeded, and continue to exceed, $500,000.00.

## FACTUAL BACKGROUND

25. Defendants own and operate a residential apartment complex known as the "Tampico Apartments" in Maricopa County, Arizona, located at 6130 N. 7th Street, Phoenix, Arizona, and more particularly described as follows:

> Lot 5, Block 1, ORANGEWOOD, according to the plat of record in the Office of the County Recorder of Maricopa County, Arizona, recorded in Book 2 of Maps, page 50;
>
> EXCEPT the West 986.60 feet; and
>
> EXCEPT the North 150 feet of the East 142 feet thereof.

(herein as the "Apartments").

26. Defendants hired Plaintiff in November 2012 to work as a handyman and landscaper at the Apartments.

27. Defendants agreed to pay Plaintiff the amount of $700.00 payable every two weeks and to provide Plaintiff with housing in the Apartment complex in exchange for his labors.

28. In addition, Defendants agreed to provide all materials and supplies necessary for Plaintiff to perform his labors or, in the alternative, to reimburse Plaintiff for any costs and expenses incurred in purchasing supplies or materials for use in the performance of his labors.

29. Plaintiff's work largely included manual labor, such as landscaping, painting, and setting tile.

30. Plaintiff was scheduled to work every Monday through Friday from 9 a.m. until 5:30 p.m., although Defendants expected and requested that Plaintiff begin work at 8 a.m. or earlier on most mornings.

31. Plaintiff was scheduled to work every Saturday from 10 a.m. until 2 p.m., although Defendants expected and requested that Plaintiff begin work at 9 a.m. or earlier on most Saturdays.

32. Plaintiff was supposed to have Sundays as his day off. However, Plaintiff was required by Defendants to work almost half of the Sundays in any given month.

33. In addition, Defendants required that Plaintiff provide on-site security for the Apartments every night, including making rounds on the property several times each night, and being available to tenants and authorities in the event that security was needed.

34. Despite Defendants' agreement to pay Plaintiff $700 each pay period, Defendants initially paid Plaintiff only $600.

35. Defendants paid Plaintiff by personal check and made no payroll withholdings from Plaintiff's wages.

//

36. After two pay periods of receiving only $600, Plaintiff requested that Defendants pay the entire $700 promised to him.

37. Defendants complied for only two pay periods and then paid Plaintiff only $600 during each pay period thereafter, claiming that a deduction was made from Plaintiff's wages for pesticides, despite Plaintiff's objections.

38. Plaintiff provided labor and services for Defendants to benefit their real property, and at their request, until Defendants terminated Plaintiff's employment on September 13, 2013.

39. Plaintiff timely caused to be recorded a Notice of Claim of Mechanic's Lien (herein as the "Lien") in the Maricopa County Recorder's Office on October 25, 2013, asserting and protecting his right to payment for labors and materials provided for the improvement of the real property at issue in this matter. A true and correct copy of the Lien is attached as Exhibit A and is incorporated herein by this reference.

40. Plaintiff has retained the law offices of Phillps Dayes Law Group PC to prosecute this matter on his behalf and has agreed to pay a reasonable attorneys' fee for such labors.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

41. Plaintiff incorporates and adopts paragraphs 1 through 40 above as if fully set forth herein.

42. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

43. Plaintiff was a non-exempt employee.

44. Defendants have intentionally failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

45. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

46. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

47. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

48. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

49. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

50. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his federal overtime compensation remaining due and unpaid, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rates of pay while at work for Defendants, in an amount proved at trial;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## FAILURE TO PAY WAGES

51. Plaintiff incorporates and adopts paragraphs 1 through 50 above as if fully set forth herein.

//

//

52. On information and belief, Defendants failed to pay Plaintiff "wages," as that term is defined by A.R.S. § 23-350, at Plaintiff's regular rate of pay while Plaintiff was employed by Defendant.

53. On information and belief, Defendants' failures to pay Plaintiff's wages were willful, unreasonable, and in bad faith.

54. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendants.

55. Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

A. Awarding Plaintiff regular compensation in the amount due to him for all of Plaintiff's time worked for which Defendants have not paid Plaintiff;

B. Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph;

C. Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

D. Awarding Plaintiff costs and expenses reasonably incurred in this action;

E. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

//

F.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

G.   For such other and further relief as the Court deems just and proper.

## COUNT THREE
## FORECLOSURE OF LIEN

56.   Plaintiff incorporates and adopts paragraphs 1 through 55 above as if fully set forth herein.

57.   Plaintiff provided labor, services, and materials at Defendants' request and for the benefit of Defendants' real property, to wit, the Apartment.

58.   Plaintiff was a laborer for wages paid by Defendants.

59.   Plaintiff provided services and materials to Defendants and their real property for which Plaintiff was not compensated by Defendants.

60.   Plaintiff timely caused to be recorded his Lien with the Office of the Recorder of Maricopa County, Arizona.

61.   This petition for foreclosure of the Lien is timely.

62.   Plaintiff is entitled to payment of the amounts stated in the Lien and is entitled to sale of the Apartments to satisfy the wage debt owed to him.

63.   Plaintiff has incurred attorneys' fees and costs in prosecuting this action and is entitled to the payment of the same.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

//

a. Foreclosing the Lien and ordering the sale of the Apartments and payment to Plaintiff of amounts owed by Defendants and asserted in the Lien.

b. Ordering the sale of the land and improvements sold together pursuant to A.R.S. § 33-999.

c. Setting Plaintiff's Lien at a position of priority to any subsequent encumbrance and equal in priority with any other lien, pursuant to A.R.S. § 33-992.

d. Determining the priority of any lienholders pursuant to A.R.S. § 33-1000.

e. Awarding pre-judgment interest at the highest legal rate for the amounts awarded to Plaintiff pursuant to paragraph (a) *supra*.

f. Awarding post-judgment interest at the highest legal rate from the entry of judgment until paid in full.

g. Awarding costs and attorneys' fees incurred herein pursuant to A.R.S. § 33-998(B).

h. For any further relief deemed just and equitable under the circumstances.

## COUNT FOUR
## DECLARATORY JUDGMENT

64. Plaintiff incorporates and adopts paragraphs 1 through 63 above as if fully set forth herein.

65. Plaintiff and Defendants have a dispute pending related to their employment relationship, an overtime violation under the FLSA, a failure to pay wages, and for the foreclosure of a mechanics' lien.

66. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

67. Plaintiff is entitled to declarations, and respectfully requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendants employed Plaintiff

    b. Defendants are each engaged in an enterprise covered by the overtime provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime provisions of the FLSA.

    d. Defendants failed to properly compensate Plaintiff for his hours worked in excess of forty hours per week, in violation of the overtime provisions of the FLSA.

    e. Plaintiff is entitled to payment of his overtime compensation in an amount equal to one and one-half times his regular rate of pay for each hour worked over forty hours per week, contrary to 29 U.S.C. § 207.

    f. Plaintiff is entitled to liquidated damages in an amount equal to his overtime pay award pursuant to 29 U.S.C. § 216(b).

    g. Defendants failed to pay all wages to which Plaintiff was due by, without limitation, withholding money from each paycheck without any lawful justification.

    h. Defendants' failures to pay Plaintiff's wages were willful, unreasonable, and in bad faith.

  i. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendants.

  j. Plaintiff timely and justifiably recorded a notice of mechanics' lien for labors he provided for wages at Defendants' request and to benefit and improve Defendants' real property, to wit, the Apartments.

  k. Plaintiff timely filed this action seeking enforcement and foreclosure of the Lien.

  l. Plaintiff is entitled to foreclosure of the Lien, to an award in the amounts stated in the Lien, to the sale of the Apartments to satisfy the award, and to a declaration of priority.

  m. Plaintiff is entitled to an award of costs and attorneys' fees.

68. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue and preventing future harm.

69. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

  a. Declaring, pursuant to the Declaratory Judgments Act, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

//

b.    Declaring that the acts and practices complained of herein are in violation of the Arizona wage law;

c.    Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation; and

d.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: October 30, 2013

        Respectfully submitted,

        **PHILLIPS DAYES LAW GROUP PC**

        By: /s/ John L. Collins
            John L. Collins
            Arizona Bar No. 030351
            johnc@phillipsdayeslaw.com
            Attorney for Plaintiffs